UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03425-MWC-MAA                              Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al

Present:  The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson  |  Not Reported  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:
                N/A                                                                     N/A

**Proceedings: (IN CHAMBERS) THE COURT DENIES PLAINTIFF'S MOTION TO REMAND (DKT. [22]).**

Before the Court is a motion to remand ("Motion") filed by Plaintiff Krishell Martinez ("Plaintiff").  Dkt. # 22 ("*Mot.*").  Defendant Emerson Ecologics, LLC ("Emerson" or "Defendant") opposed, Dkt. # 27 ("*Opp.*"), and Plaintiff replied, Dkt. # 28 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument and **VACATES** the hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **DENIES** Plaintiff's motion to remand.

I.      Background

On October 21, 2025, Plaintiff, on behalf of herself and "all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the [applicable] statute of limitations period," filed a class action complaint ("Complaint") against Defendant and Does 1-10 (collectively, "Defendants") in the Superior Court of California, County of Riverside.  *See* Dkt. # 1 ("*NOR*"), Ex. A ("*Compl.*").  The Complaint alleges the following causes of action: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201–203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, e*t*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                                    Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al


*seq*.].  *See id.*  The Complaint defines the Class as "[a]ll persons who worked for any
Defendant in California as an employee at any time during the period beginning four
years before the filing of the initial complaint in this action and ending when notice to the
Class is sent."  *Id.* ¶ 23.

On December 17, 2025, Defendant filed a notice of removal pursuant to the Class
Action Fairness Act ("CAFA").  *NOR.*  Because the Complaint does not expressly plead a
specific amount of damages, Defendant calculated its own estimate of potential damages
based on Plaintiff's allegations.  *See id.* at 7–16.

Plaintiff now moves to remand, arguing Defendant has failed to establish that the
amount in controversy exceeds the jurisdictional minimum.  *See generally Mot.*  Plaintiff
does not dispute Defendant's calculations related to late pay penalties, wage statement
penalties, or unreimbursed expenses.  *Mot.* at 14.  However, Plaintiff argues that the
assumptions underlying Defendant's calculations of exposure for (i) minimum wage, (ii)
overtime, (iii) meal period, and (iv) rest break violations were unreasonable.  *See
generally Mot.*

II.     Legal Standard

        A.      Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power
authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013)
(internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a
civil action from state court to federal district court only if the federal court has subject
matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S.
156, 163 (1997) ("The propriety of removal thus depends on whether the case originally
could have been filed in federal court.").  The case shall be remanded to state court if at
any time before final judgment it appears a removing court lacks subject matter
jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane
Educ. Fund*, 500 U.S. 72, 87 (1991).

        B.      CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in
controversy exceeds $5 million, (2) there is minimal diversity between the parties, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                              Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al


(3) the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 82 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  However, a court should not impose a presumption against CAFA's jurisdiction.  *See Jauregui v. Roadrunner Transp. Servs. Inc.*, 28 F. 4th 989, 993 (9th Cir. 2022) ("[I]t appears the district court had *some* notion that removal under CAFA should be met with a level of skepticism and resistance.  That was incorrect.").

Under CAFA, a defendant removing a case must file a notice of removal "containing a short and plain statement of the grounds for removal."  *Dart Cherokee*, 574 U.S. at 83 (quoting 28 U.S.C. § 1446(a)).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff.  *Id.* at 89.  Where a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required."  *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 82.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1197.  The Court notes that it is only once a defendant satisfies its "burden to put forward evidence showing that the amount in controversy exceeds $5 million," *id.* at 1197, "the burden [then] shifts to plaintiff to produce evidence."  *Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO RZX, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015).  "In other words, while plaintiff *may* rebut defendant's evidence with his own evidence, he or she need not do so in order to prevail on his or her motion for remand."  *Id.* (emphasis in original).

A defendant may rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197–99).  As the Ninth Circuit has explained: "[I]n assessing the amount in controversy, a removing defendant is permitted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03425-MWC-MAA                          Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al

to rely on 'a chain of reasoning that includes assumptions.'" *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1200). These "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* (quoting *Ibarra*, 775 F.3d at 1198–99). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

III.    Discussion

The parties do not dispute class numerosity or minimal diversity. *See generally Mot.* Therefore, the only question before the Court is whether the amount in controversy exceeds $5 million. For the reasons set forth below, the Court finds that the amount in controversy requirement is met.

A.    Defendant's Proffered Evidence

With its removal notice, Defendant provided a declaration from Leah Willmann, Emerson's Senior Manager of Total Rewards since April 2022 (the "Willmann Declaration"). Dkt. #1-2 ("*Willmann Decl.*"). *Id.* ¶ 1. Ms. Willmann attests that she reviewed Emerson's company files and determined Emerson employed approximately 140 nonexempt employees in California between October 21, 2021, and December 3, 2025, which corresponds with the relevant time period of the Complaint's Class definition (the "Proposed Class Period"). *Id.* ¶ 2. Thus, Ms. Willmann determined the number of workweeks in the Proposed Class Period was approximately 23,249. *Id.* ¶ 5. Next, Ms. Willmann reviewed minimum wage data from the website of the California Department of Industrial Relations and determined the average minimum wage in California from 2021 to 2025 was approximately $15.40. *Id.* ¶ 4.[1] She calculated the average overtime premium rate during the Proposed Class Period was $10.32. *Id.* ¶ 6.[2]

In the removal notice itself, Defendant describes its methodology for estimating the potential exposure arising from Plaintiff's allegations. *NOR* at 9–16.

As a general matter, Plaintiff argues Defendant's calculations in its notice of removal are "based entirely upon conjecture and speculation," and Defendant

---

[1] The website Ms. Willmann reviewed to determine California's average minimum wage from 2021 to 2025 is https://www.dir.ca.gov/dlse/faq_minimumwage.htm.

[2] Ms. Willmann also determined the number of pay periods and putative class members from the year before the complaint was filed (around October 21, 2024) to when the Notice of Removal was filed (November 28, 2025). *Id.* ¶¶ 8–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                          Date: April 8, 2026

Title:        Krishell K. Martinez v. Emerson Ecologics, LLC et al


"improperly inflate[d] the amount in controversy to reach the jurisdictional minimum."
*Mot.* at 1.  Defendant's evidence "must lay foundation—which typically includes
personal knowledge, specification of the records, review of those records, and either
some form of corroborating evidence or methodology to arrive to the proposed numbers."
*See Hurt v. SH Group Hotels and Residence U.S. LLC*, 2:24-cv-08840 MWC (ASx),
2024 WL 5244725, at *3 (C.D. Cal. Dec. 30, 2024) (collecting cases).  Here, Defendant
has done so.  The Willmann Declaration lays sufficient foundation for Ms. Willmann's
personal knowledge and review of records underlying Defendant's calculations.  Courts
routinely accept similar declarations as credible evidence to establish CAFA removal.
*See, e.g.*, *Garcia v. William Scotsman, Inc.*, No. CV 24-02977, 2024 WL 4289895, at *3
(C.D. Cal. Sept. 25, 2024) (collecting cases); *Elizarraz v. United Rentals, Inc.*, No. 2:18-
CV-09533 ODW (JC), 2019 WL 1553664, *2 (C.D. Cal. Apr. 9, 2019) (denying remand
motion when defendant relied on a declaration by an economist who was "provided
payroll data" including "employee work hours, earnings, dates of employment, and
locations" and testified "to such data as the average rate of pay," "the number of non-
exempt employees," "the number of workweeks," and "the number of non-exempt
employees whose employment ended during this period").   Thus, Defendant's amount-
in-controversy allegations are sufficiently supported by evidence.

Next, the Court addresses Plaintiff's concerns of unreasonable assumptions of
violation rates as they arise per each asserted violation below.

B.       Unpaid Minimum Wages

The Court first analyzes Plaintiff's claims for failure to pay minimum wages.  The
Complaint alleges multiple sources of off-the-clock work, including that employees
(i) were "required to walk long distances from the entrance to the computers that
recorded time, leading to off the clock work, uncompensated," (ii) had "to undergo
COVID screening while off the clock, uncompensated"; and (iii) had their "meal breaks .
. . sometimes interrupted." *Compl.* ¶ 15.

Defendant assumes "that the proposed class members were required to work off-
the-clock during their meal break and at other times, including long entrance walks and
COVID testing, as Martinez alleges, for an approximate total of 1 hour per week." *NOR*
at 10.  Defendant estimates Plaintiff and the putative class members could be entitled to
approximately $358,034.60 for Martinez's unpaid minimum wage claim—1 hour per
week * 23,249 workweeks * $15.40 (the average minimum wage in California during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03425-MWC-MAA                          Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al

Proposed Class Period). *Id.* (citing *Willmann Decl.* ¶ 4). Additionally, pursuant to Labor Code § 1194.2, to recover wages because of payment less than minimum wage, "any employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." *See NOR* at 11; Lab. Code § 1194.2. Accordingly, Defendant estimates liquidated damages for Martinez's unpaid minimum wage claim is $358,034.60. *Id.* In total, Defendant calculates the amount-in-controversy for the unpaid minimum wage claim as $716,069.20.

Plaintiff argues that Defendant's assumption that every class member worked one hour of off-the-clock work at the minimum wage each week is unreasonable. *Mot.* at 2, 5–8. Plaintiff also argues that Defendant is "double dipping" allegations of unpaid time by including daily unpaid meal periods to buttress the one-hour assumption of unpaid time, and that the assumption that COVID screening occurred throughout the period is unreasonable. *Id.* at 7, 11. These arguments are rejected.

First, the Complaint alleges that Defendant "maintained a policy and practice of not paying Plaintiff and the Aggrieved Employees for all hours worked," *Compl.* ¶ 15, and that violations occurred "throughout the statutory period," *id.* ¶¶ 14–17. Where, as here, a plaintiff "ha[s] not alleged subclasses or otherwise drawn relevant distinctions between class members and alleged violations resulting from a 'policy and practice,'" courts have found the assumption of one hour of unpaid regular wages per workweek reasonable. *See Lewis v. Arvato Digital Servs., LLC*, No. 5:24-cv-2693-AB-SHK, 2025 WL 1554331, at *3–4 (C.D. Cal. May 28, 2025) (citations omitted) (holding "Defendant's 20% violation rate," or the assumption of one hour unpaid regular wages per workweek, was "reasonable due to the broad allegations in the Complaint"); *Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 WL 5536198, at *4 (N.D. Cal Oct. 25, 2019) (stating an assumption of one hour of unpaid minimum wage per week was a "conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations" (internal citation omitted)).

Next, contrary to Plaintiff's contentions, the Court does not find the Notice of Removal assumed a 100% violation for meal breaks. *See NOR.* Nor was such an assumption needed. The alleged unpaid time includes time spent walking to the time clock and undergoing COVID screening, so the assumption of one hour of unpaid time per week, or twelve minutes per day, is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                          Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al


Finally, Plaintiff argues Defendant's assumption of "ongoing" COVID screenings during the relevant time period is implausible. *Mot.* at 6.  Yet the Complaint alleges no facts limiting the duration of COVID screenings. *See Compl.*[3]  Therefore, Defendant is entitled to assume screenings occurred throughout the Proposed Class Period.

In sum, Defendant's proffered total for the unpaid minimum wage claim of $716,069.20 is credible.

C.      Unpaid Overtime Wages

Regarding unpaid overtime wages, the Complaint alleges Defendant maintained an unlawful "policy or practice" regarding overtime pay:

- Defendant "maintained a systematic, company-wide policy and practice of . . . [w]illfully failing to pay employees all . . . overtime wages" throughout the statutory period, *Compl.* ¶ 4(e);

- "[T]hroughout the statutory period, Plaintiff and the Class received different types of remuneration, including non-discretionary bonuses and other remuneration.  However, Defendants failed to incorporate all remuneration when calculating the correct overtime rate of pay . . . leading to underpayment to Plaintiff and the Class," *id.* ¶ 15; and

- "Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law . . . . Plaintiff and the Class are regularly required to work overtime hours," *id.* ¶ 44.

In the removal notice, Defendant assumed a potential exposure of one hour of unpaid overtime wages per week at the average overtime premium rate in effect from 2021 to 2025 of $10.32 for alleged overtime wage violations. *NOR* at 11 (citing *Willmann Decl.* ¶ 6).  From there, Defendant calculated that Plaintiff and the putative

---

[3] Defendant also submits unrebutted evidence that Plaintiff began working at Emerson on or around August 31, 2016, and was employed throughout the Proposed Class Period (and remains employed).  Dkt. # 27-1 (Opp. Willmann Decl.) ¶ 3.  Had COVID screenings occurred within a certain time frame, Plaintiff should have known and pled those facts.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                           Date: April 8, 2026

Title:       Krishell K. Martinez v. Emerson Ecologics, LLC et al


class members are potentially entitled to approximately $239,929.68—1 hour overtime * 23,249 workweeks * $10.32 (assumed average overtime premium).  *Id.* (citing *Willman Decl.* ¶¶ 5–6).

The Court finds the assumptions reasonable.  Similar to minimum wage claims, federal district courts in California have held that one hour of assumed unpaid overtime per workweek is reasonable for determining the amount of controversy where the complaint, as here, alleges a "policy or practice."  *See, e.g.*, *Sanchez v. Abbott Lab'ys*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *5 (E.D. Cal. June 30, 2021) ("Courts in this Circuit have often found a 20% violation rate (one unpaid overtime hour per week) a reasonable and 'conservative estimate' when plaintiff alleges a 'policy and practice' of failing to pay overtime wages."); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2 (C.D. Cal. Dec. 6, 2017) (holding violation rate of "two hours of overtime" reasonable where the complaint alleged a "'pattern and practice' of wage and hour violations" but "offers no guidance as to the frequency of these violations," and there was "no competing evidence that would suggest lower violation rates").  Pursuant to *Sanchez* and *Stanley*, given the allegations of a policy and practice of failing to pay overtime wages, the assumption of one hour per week in unpaid overtime wages was reasonable.

For these reasons, Defendant's proffered total for the unpaid overtime wages claim of $239,929.68 is credible.

> D.     Failure to Provide Meal and Rest Periods

Regarding Plaintiff's failure to provide meal and rest periods claim, the Complaint alleges Defendant "sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-fee meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided."  *Compl.* ¶ 16.  The Complaint alleges Defendant "sometimes, but not always" failed to permit Martinez and the putative class to a rest period in compliance with California law.  *Id.* ¶ 17.  At the same time, the Complaint alleges Defendant, "throughout the statutory period . . . maintained a systematic, company-wide policy and practice of … [f]ailing to provide employees with timely and duty-free meal . . . and rest periods."  *Id.* ¶ 4 (b)-(c); *see also id.* ¶¶ 16 ("Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law"), 17 ("Defendants' policy and practice

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03425-MWC-MAA                          Date: April 8, 2026

Title:        Krishell K. Martinez v. Emerson Ecologics, LLC et al

was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law").

In its removal notice, Defendant assumed "a 60% violation rate where the maximum amount of violations for meal and rest break in a workweek is 10 (one meal break and one rest break per day)." *NOR* at 12–13.  Defendant, thus, calculated the total amount-in-controversy for both missed break premiums[4] as approximately $2,879,156.16 —23,249 workweeks * $20.64 average hourly rate of pay for putative class members * 6 (60% of 10) hours of meal and rest premiums. *Id.* (citing *Willmann Decl.* ¶ 5).

Plaintiff argues a 60% violation rate for both meal periods and rest breaks is unreasonable for allegations that Defendant "sometimes, but not always" withheld meal and rest periods. *Mot.* 2–3, 9–13.  Plaintiff, citing district courts cases in the Ninth Circuit finding a 20% assumed violation rate reasonable, argues that courts finding a 60% violation rate reasonable "have most frequently done so where plaintiffs allege a 'pattern and practice' of failing to provide meal periods or rest breaks."  *See Mot*. 10–13 (collecting cases).

However, the Complaint has alleged that Defendant "maintained a systematic, company-wide policy and practice of" failing to provide meal and rest breaks. *Compl.* ¶ 4; *see also* ¶¶ 16–17.  Accordingly, the assumed violation rate of 60 percent is reasonable. *See Bryant v. NCR Corp.*, 284 F.Supp.3d 1147, 1151 (S.D. Cal. 2018) (approving a 60% violation rate where plaintiff alleged defendant had a "policy and practice" of denying meal breaks); *Alvarez v. Office Depot, Inc.*, No. CV 17-7220 PSG (AFMx), 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (same); *see also Stanley*, 2017 WL 6209822, at *2 (violation rate of "three missed rest breaks, and three missed meal breaks per week" appropriate where the complaint alleged "only that [defendant] engaged in a 'pattern and practice' of wage and hour violations").

---

[4] Pursuant to Labor Code § 226.7, if neither a meal period nor a rest break are provided in the same day, the employee is entitled to two hours of pay at the employee's regular rate for that workday, or "premium pay."  Cal. Lab. Code § 226.7(c); *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th 57, 69 (2011) (construing "the statute as permitting up to two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-03425-MWC-MAA                         Date: April 8, 2026

Title:      Krishell K. Martinez v. Emerson Ecologics, LLC et al


In sum, Defendant's proffered amounts-in-controversy for the failure to provide meal and rest periods claim, totaling $2,879,156.16, are credible.

E.      Remaining claims

Plaintiff does not challenge Defendant's calculations regarding the remaining claims, the amounts of which were calculated as follows:

| Claim | Amount-in-controversy |
|---|---|
| Unreimbursed expenses (Lab. Code § 2802) | $145,306.25 |
| Late pay penalties (Lab. Code § 203) | $198,144.00 |
| Wage statement penalties (Lab. Code § 226) | $203,550.00 |

*See NOR* at 13–15; *Mot.* at 13–14.  Accordingly, the Court need not analyze whether the proffered amounts for the above claims are reasonable.

F.      Attorney's Fees

Finally, Defendant's amount-in-controversy calculation includes an estimate for attorney's fees of $1,095,538.82, or 25 percent of the potential damages.  *NOR* at 15.  In the Ninth Circuit, 25% is considered the "benchmark" for determining whether attorney's fees are reasonable when based on a percentage of the award.  *See In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award.").  Plaintiff does not challenge the use of 25 percent as the benchmark for a reasonable fee award. *See Mot.* at 14.  Since Defendant's underlying proffered calculations are reasonable, *see supra* Section III.A–E, the attorneys' fees calculation is also reasonable.

In conclusion, Defendant has satisfied its "burden to put forward evidence showing that the amount in controversy exceeds $5 million." *Ibarra*, 775 F.3d at 1197. Since the amount in controversy was the sole ground upon which Plaintiff sought remand, Defendant has adequately established federal jurisdiction over this case exists under CAFA.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03425-MWC-MAA                         Date: April 8, 2026

Title:    Krishell K. Martinez v. Emerson Ecologics, LLC et al


IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.


**IT IS SO ORDERED.**


                                                                                    :
                                        **Initials of Preparer**    TJ